Pfeifer, J.,
dissenting. I concur with Justice Wright that the aggravating circumstance in this case does not outweigh the mitigating factors. I write further because I would hold that the sentence of death is disproportionate, given the particular facts of this case.
The death penalty is special. That special nature is reflected in the types of crimes punishable by death and by this court’s role in the death-penalty analysis.
By statute, not every murder is a death-penalty crime. The state of Ohio takes very seriously the awesome responsibility involved in taking a person’s life. The death penalty is reserved for those committing what the state views as the most *501 heinous of murders, such as those committed while the murderer was committing another violent crime, e.g., kidnapping or rape.
This court’s role is also special in death-penalty cases. Unlike other criminal defendants, including nondeath-penalty murderers, defendants eligible for the death penalty receive an automatic right of appeal to this court. Part of that appeal is our mandated consideration of “whether the sentence is excessive or disproportionate to the penalty imposed in similar cases.” R.C. 2929.05(A). Proportionality review is a key part of this court’s death-penalty review and, as the state’s highest court, we are in a unique position to determine what is proportionate in a statewide sense.
The focus in most death-penalty cases has been on issues other than proportionality. Typically, the court locates previous cases with similar statutory aggravating circumstances where the death penalty has been imposed, and thus finds proportionality to the .case at issue. However, murders with the same statutorily defined aggravating circumstance are not necessarily crimes of the same character. In the present case, for example, the majority cites three cases in its proportionality review.
In State v. Fox (1994), 69 Ohio St.3d 183, 631 N.E.2d 124, the defendant lured the victim into meeting with him by posing as a prospective employer. He drove her to a remote country road, and when she resisted his advances and tried to escape, he brutally stabbed her. He then got a rope out of his trunk and strangled her, “just to make sure she was dead.” Id. at 195, 631 N.E.2d at 133.
In State v. Seiber (1990), 56 Ohio St.3d 4, 564 N.E.2d 408, the defendant held a bar’s patrons at gunpoint, terrorizing them and murdering one, shooting him in the back as he sat at the bar.
In State v. Brewer (1990), 48 Ohio St.3d 50, 549 N.E.2d 491, the defendant kidnapped the wife of his lifelong friend, locking her in his car’s trunk for hours as he drove around. At one point the victim was able to scrawl “HELP ME PLEASE” in lipstick on a piece of paper and stick it through a gap in the trunk seal. When the defendant learned that the police were looking for him for an explanation, he drove to a remote area, attempted to strangle the victim with his hands and a necktie, and then stabbed her and slashed her throat with a butcher knife.
Thus, even though these cases share the same death-penalty-qualifying aggravating circumstance as does the case at issue, the characters of the crimes differ widely. To rely completely on the crimes of others in determining whether the death penalty is proportionate in a given case demeans our responsibility to review each case individually.
*502 In the present case, Simko technically did commit kidnapping and thus became eligible for the death penalty. But the death penalty is not for technicalities. The General Assembly recognized that when it mandated that this court employ a proportionality review. Our role is basically to determine whether the penalty of death is appropriate in a particular case, given the penalty’s role in our overall system of justice. Our mandate was not prescribed with precision because the type of review involved is not truly capable of precise measurement. Yet we have been charged with making that call, and as the state’s supreme court we ought not back down from making it.
The death penalty is to apply to the worst of cases. This is not one of those.
Moyer, C.J., concurs in the foregoing dissenting opinion.
APPENDIX
“Proposition of Law No. I[:] Where the state fails to introduce sufficient evidence to prove a capital specification of kidnapping beyond a reasonable doubt, a defendant is deprived of his right to due process of law under the Fourteenth Amendment to the United States Constitution, and Section 16, Article I of the Ohio Constitution.
“Proposition of Law No. II[:] The death sentence imposed in appellant Simko’s case was inappropriate, in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution.
“Proposition of Law No. III[:] Errors in the opinion of trial court, filed pursuant to R.C. 2929.03(F), mandate vacation of the death sentence.
“Proposition of Law No. IV[:] Where the trial court fails to assess a defendant’s knowledge of the relevant circumstances and likely consequences of his waiver of jury trial, the court has failed to insure an intelligent, voluntary and knowing waiver of rights guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Sections 5, 9 and 16, Article I of the Ohio Constitution.
“Proposition of Law No. V[:] Any egregious error in the penalty phase of a death penalty proceeding will be cause to vacate the sentence of death.
“Proposition of Law No. VI[:] Where the trial court allows the admission of improper and prejudicial hearsay testimony, a defendant’s conviction is unconstitutional and must be reversed.
“Proposition of Law No. VII[:] The admission of victim character evidence in the guilt-innocence phase of a capital case, and victim impact evidence in the penalty phase is contrary to Ohio law and denies a capital defendant a fair determination of his guilt and sentence.
*503 “Proposition of Law No. VIII[:] Where a state fails to introduce sufficient evidence to prove beyond a reasonable doubt, a conviction for kidnapping is unconstitutional and cannot stand.
“Proposition of Law No. IX[:] The ‘presumption’ applied in three-judge panel cases that the judges do not consider and are not influenced by any erroneously admitted evidence denies capital defendants due process and equal protection.
“Proposition of Law No. X[:] Misconduct by the prosecutor during the guilt/innoeence phase of a capital case eradicates the reliability of the guilt determination.
“Proposition of Law No. XI[:] Any egregious error in the penalty phase of a death penalty proceeding, including prosecutorial misconduct, will be cause to vacate the sentence of death with a subsequent remand to the trial court for a new sentencing procedure. (State v. Thompson [1987], 33 Ohio St.3d 1 [514 N.E.2d 407], followed.)
“Proposition of Law No. XII[:] Hearsay statements are not admissible unless they meet one of the recognized exceptions.
“Proposition of Law XIII[:] Where the trial court allows inadmissible and prejudicial testimony during cross-examination of a witness, defendant’s conviction and sentence are rendered unconstitutional and must be reversed.
“Proposition of Law No. XIV[:] In a capital case, the accused is required to be present at every stage of the proceedings unless he, personally, voluntarily absents himself.
“Proposition of Law No. XV[:] Where the trial court admits improper evidence in the guilt/innocence phase of a capital trial, the resulting conviction is unreliable and must be reversed.
“Proposition of Law No. XVI[:] Counsel’s performance will be deemed ineffective if it falls below an objective standard pf reasonable representation and prejudice arises from counsel’s performance.
“Proposition of Law No. XVII[:] Where the trial court allows the state to conduct the examination of its own witnesses through the use of leading questions, a defendant is denied rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
“Proposition of Law No. XVIII[:] The state should not be allowed to crossexamfine] a defense witness concerning a prior inconsistent statement when such statement is posed without a good faith belief that such statement was actually made.
“Proposition of Law No. XIX[:] The Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution and Ohio Revised Code Section 2929.05 guarantee a convicted capital *504 defendant a fair and impartial review of his death sentence. The statutorily mandated proportionality process in Ohio is fatally flawed thereby denying appellant Simko the above rights.
“Proposition of Law No. XX[:] Where the trial court abuses its discretion^ in denying a defendant’s motion to permit the three-judge panel to view the scene, it violates a defendant’s rights as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.
“Proposition of Law No. XXI[:] The Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 9, 10 and 16, Article I of the Ohio Constitution establish the requirements for a valid death penalty scheme. Ohio Revised Code, Section 2903.01, 2929.02, 2929.021, 2929.022, 2929.023, 2929.03, 2929.04 and 2929.05, Ohio’s statutory provisions governing the imposition of the death penalty, do not meet the prescribed requirements and thus are unconstitutional, both on their face and as applied.”